**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DORCHESTER MINERALS, LP                                                                                PLAINTIFF

v.                                              No. 4:12CV00461 JLH

CHESAPEAKE EXPLORATION, LLC                                                              DEFENDANT

**OPINION AND ORDER**

Dorchester Minerals, LP, is the lessor under six substantially identical oil and gas leases in which Chesapeake Exploration, LLC, is the lessee. Dorchester alleges that Chesapeake has failed to make gas royalty payments in accordance with the terms of the lease and in accordance with Chesapeake's implied covenant to market gas at the best price reasonably obtainable. Dorchester seeks repayment of royalties as well as statutory penalties for the nonpayment of royalties. Chesapeake has filed a motion for summary judgment on all of Dorchester's claims. The motion is granted in part and denied in part.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

Dorchester commenced this action claiming that Chesapeake breached an express provision of the leases. The parties disputed the interpretation of the provision at issue—Paragraph 3(b)—and the Court interpreted the provision against Dorchester at the Phase I bench trial. Document #146.

Chesapeake contends that Dorchester has now abandoned its argument that Chesapeake breached Paragraph 3(b) of the leases and is instead relying solely on its implied-covenant-to-market claim. Chesapeake states that none of Dorchester's expert reports address claims under Paragraph 3(b); instead, they address only the claim that Chesapeake breached the implied-covenant claim. Dorchester's response includes a single sentence stating that the Court should deny Chesapeake's motion for summary judgment regarding "breaches of the express and/or implied covenants of the Leases," but it presents no argument in support of its claim that Chesapeake breached Paragraph 3(b). Because Dorchester has apparently abandoned its claim based on Paragraph 3(b), summary judgment is granted in favor of Chesapeake on that claim.

Chesapeake also seeks summary judgment on Dorchester's remaining claims. With a bench trial looming, the Court will deny summary judgment on those claims and address the parties' legal and factual arguments as to those claims after a full record is developed at trial.

## CONCLUSION

For the foregoing reasons, Chesapeake's motion for summary judgment is GRANTED IN PART and DENIED IN PART. Document #172. Chesapeake's motion is granted as to Dorchester's claim that Chesapeake breached Paragraph 3(b). Otherwise, Chesapeake's motion is denied.

IT IS SO ORDERED this 24th day of February, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE