**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DORCHESTER MINERALS, LP                                          PLAINTIFF

v.                              No. 4:12CV00461 JLH

CHESAPEAKE EXPLORATION, LLC                                    DEFENDANT

**OPINION AND ORDER**

Before the Court are two motions by Chesapeake Exploration, LLC. Chesapeake moves the Court to strike an expert report produced by Dorchester Minerals, LP, pursuant to Federal Rule of Civil Procedure 37. Chesapeake also moves to exclude both of Dorchester's experts from trial pursuant to Federal Rule of Evidence 702. Chesapeake's motion to strike is granted, but its motion to exclude is denied.

In the final scheduling order, this Court ordered that the parties disclose and issue expert reports by December 12, 2016. Document #170. Nearly two months after the deadline for expert reports had passed and only a month before trial was to commence, Dorchester sent Chesapeake a report from its expert, Rodney Sowards. Chesapeake asks the Court to strike this report under Rule 37(c). It contends that the report, supported by a database that exceeds 4,000 pages, presents a new methodology for calculating damages. Dorchester disputes that the report presents a new methodology and argues that allowing the report's use at trial is harmless because the report merely applies "basic arithmetic functions of addition, subtraction, multiplication, and division." Dorchester, however, does not attempt to offer a justification for its late submission.

Rule 37(c)(1) provides sanctions for a party that "fails to provide information or identify a witness as required by Rule 26(a) or (e)." Under the Rule, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure

was substantially justified or is harmless."  The Eighth Circuit directs courts to consider the following four factors when determining whether to exclude testimony from an expert not made known in compliance with a final scheduling order: (1) the reason the party fails to name the witness; (2) the importance of the testimony; (3) the amount of time the opposing party needs to properly prepare for the testimony; and (4) whether a continuance would in some way be useful. *Amplatz v. Country Mut. Ins. Co.*, 823 F.3d 1167, 1172 (8th Cir. 2016) (noting that same factors are applied to untimely supplemental expert reports).  Dorchester has provided the court with no reason for its failure to timely disclose the report.  It has argued that the newness of the report is attributable to "basic arithmetic" on which expert testimony would not be required.  It is unclear how much time Chesapeake would need in order to prepare for the testimony, but the report is supported by more than 4,000 pages of data and calculations.  Even if the new information is simply the application of basic arithmetic, the sheer volume of the numbers would require significant time and attention to digest.  And if the new information is simply basic arithmetic, why wasn't it done before the expert report deadline of December 12?  Why did it take two months after the deadline to perform and submit this basic arithmetic?  Finally, this case was commenced in the summer of 2012.  It is an old case, and the Court has already granted motions to continue the trial.  On September 6, 2016, this Court granted a continuance but informed both parties in that order that no further continuances would be granted. Document #167.  Phase Two of this case will be tried on March 6, 2017.  Expert reports were exchanged in December and rebuttal reports were exchanged in January.  All experts have been deposed.  The deadline for completing discovery has passed.  We are now only six business days from trial.  The admission of this report so late in a case that has been going on for

so long would be unfair to Chesapeake. Chesapeake's motion to strike Sowards's February 7, 2017 report is granted.

Chesapeake also moves to exclude the testimony of Dorchester experts Sowards and Rick Harper. Chesapeake argues that these experts base their opinion "on false assumptions that render it unreliable under the standards set forth by *Daubert* and Rule 702." Document #176 at 1. The Court will take this motion under advisement pending trial and whether the testimony meets the requirements of Rule 702 and *Daubert* if necessary when making findings of fact and conclusions of law. Chesapeake's motion to exclude the expert testimony of Sowards and Harper is denied.

## CONCLUSION

For the foregoing reasons, Chesapeake's motion to strike Sowards's February 7, 2017 report is GRANTED, but its motion to exclude the expert testimony of Sowards and Harper is DENIED. Documents #175 and #183.

IT IS SO ORDERED this 24th day of February, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE